UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DONALD DEMMONS, of Warren, Maine, and | ) ) ) | |
| SHERRIE DEMMONS, of Warren, Maine, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) ) | |
| KNOX COUNTY, as a duly designated County in the State of Maine existing under the laws of the State of Maine, | ) ) ) ) | CIVIL ACTION DOCKET NO:_____  COMPLAINT AND JURY TRIAL DEMAND |
| and | ) ) | |
| KNOX COUNTY SHERIFF'S DEPARTMENT, as a Department of the County of Knox, | ) ) ) ) | |
| and | ) ) | |
| DONNA DENNISON, in her capacity as Knox County Sheriff, of Tenants Harbor, Maine, | ) ) ) ) | |
| and | ) ) | |
| Nathaniel Jack, of Nobeboro, Maine, in his individual and official capacities, | ) ) ) | |
| and | ) ) | |
| James Moore, unknown address, in his individual and official capacities, | ) ) ) | |
| Defendants | ) ) | |

NOW COMES the Plaintiffs Donald Demmons and Sherrie Demmons, by and through Undersigned Counsel, and complains against the above named Defendants as follows:

## Jury Demand

The Plaintiffs demand a jury trial.

## Introduction

1.      This is a civil rights action for damages under 42 U. S. C. § 1983, 42 U.S.C. 1985, and 5 M.R.S.A. § 4682, *et seq,* against Knox County, the Knox County Sheriff's Department, Donna Dennison, in her capacity as the Knox County Sheriff, Nathaniel Jack, in his individual and official capacities, and James Moore, in his individual and official capacities for injuries to Donald and Sherrie Demmons for excessive use of force, false imprisonment, violation of their rights to be free from unreasonable searches and seizures, failure to supervise, and conspiracy, under the Constitution of the State of Maine. Similar claims are brought under the Maine Civil Rights Act.  The Plaintiffs also assert a claim against the Defendants under the Maine Tort Claims Act, 14 M.R.S.A. § 8101, *et seq.* The Plaintiffs are seeking punitive damages.

## Jurisdiction and Venue

2.      This action is brought pursuant to 42 U. S. C. § 1983 and jurisdiction in the Court is proper under 28 U.S.C. § 1331 and 1343. Supplemental jurisdiction over state law tort claims pursuant to 14 M.R.S.A. § 8101, *et seq.,* is proper under 28 U.S. C § 1367.

3.  Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

## Parties

4.      Plaintiffs Donald Demmons and Sherrie Demmons are both

residents of the Town of Warren, County of Knox, State of Maine.  At all times relevant to this complaint they were over the age of 18 years old.

5.     Defendant Knox County is a duly designated county in the State of Maine, formed and existing under the laws of the State of Maine, and is the governmental entity responsible for the operation of the Knox County Sheriff's Department.

6.     Defendant Knox County Sheriff's Department is a Department of Knox County government.

7.     At all times relevant to this complaint Knox County was responsible for establishing and overseeing the operation of the Knox County Sheriff's Department, and properly training, supervising, and disciplining its employees.

8.     Defendants Knox County and Knox County Sheriff's Department are hereinafter referred to as "Knox County Defendants."

9.     Upon information and belief, Donna Dennison ("Sheriff Dennison") of Tenants Harbor, Maine, was, at all times relevant to this Complaint, the Sheriff of Knox County. Sheriff Dennison was the final policy maker for the Knox County Sheriff's Department and responsible for properly training, supervising, and disciplining its employees.

10.    Sheriff Dennison is responsible for enforcing the laws, policies, and regulations of Knox County and its Sheriff's Department, making and enforcing policies that protect the constitutional rights of the residents of Knox County, and for ensuring that the deputies employed by the County of Knox obey the

laws of the United States and the State of Maine.  She is sued in her official capacity.  The actions of Sheriff Dennison alleged in this complaint were taken under color of law.

11.     Upon information and belief, Nathaniel Jack ("Jack"), of Nobleboro, Maine was, at all times relevant to this Complaint a deputy sheriff employed by the Knox County Defendants and Sheriff Dennison. He is sued in his individual and official capacity.  The actions taken by Jack alleged in this complaint were taken under color of law.

12.     Upon information and belief, James Moore ("Moore"), resident of the State of Maine, was, at all times relevant to this Complaint a deputy sheriff employed by the Knox County Defendants and Sheriff Dennison.  He was responsible for properly training, supervising, and disciplining Jack. He is sued in his individual and official capacity.  The actions taken by Moore alleged in this complaint were taken under color of law.

## Statement of Facts

13.     On July 2, 2014, Defendants Jack and Moore were employed by the Knox County Sheriff's Department as deputy sheriffs and were working a shift.

14.     Defendant Moore was a Sergeant and Jack's direct supervisor.

15.     As Jack's supervisor, Moore had a duty to prevent any unconstitutional acts by Jack.

16.     Deputy Moore also was responsible for properly training Jack.

17.    At approximately 6:00 p.m. Defendants Jack and Moore arrived at the home of Donald and Sherrie Demmons to investigate a complaint made by a local business involving Donald.

18.    Jack and Moore walked onto the porch and knocked on the door. The door was answered by Donald.

19.    The officers asked Donald to step outside to speak with them. Donald declined the request.

20.    Donald asked Jack and Moore why they were at his home.  Jack and Moore indicated they had received a complaint from a local business that Donald had made a disturbance at the business and threatened an employee.

21.    Donald admitted to having a discussion with an employee at the business due to a dispute over the poor customer service that he and his wife received.  However, Donald denied making any threat toward the employee.

22.    Jack and Moore again asked Donald to step outside onto the porch and Donald again declined.

23.    The officers then forced their way into the home.

24.    At the time Jack and Moore forced their way into the home they had no reasonable belief that Donald would cause injury to others unless he was immediately arrested.

25.    At the time Jack and Moore forced their way into the home there was no probable cause to believe that Donald had committed a felony.

26.    At the time Jack and Moore forced their way into the home Jack and Moore did not have a warrant to arrest Mr. Demmons, or to search his home or effects.

27.    Once inside the home, the officers attempted to arrest Donald.

28.    Sherrie protested the officer's invasion of the home, and their attempt to arrest Donald.

29.    Jack deployed his Taser on both Donald and Sherrie.  He also continued to assault Sherrie by, among other things, stomping on her feet, kneeing her in the back, and electrocuting her multiple times with his department issued Taser.

30.    Jack electrocuted Sherrie with his Taser at least once while she was lying on the floor in submission.

31.    Moore took no action to intervene and prevent Jack from assaulting Donald and Sherrie.

32.    Donald and Sherrie were both arrested by Jack and Moore.

33.    Following Donald and Sherrie's arrest, Jack and Moore filed "cover charges" to discourage Donald and Sherrie from complaining or protesting the officer's conduct.

34.    During criminal proceedings, Jack testified falsely at a hearing on Donald's Motion to Suppress evidence held November 17, 2014.

35.    Said false testimony was specifically designed to undermine Donald's constitutional rights.

36.    As a result of the actions by Jack and Moore, both Donald and Sherrie were arrested and incarcerated, suffered physical injuries, emotional distress, fear, and psychological injuries.

## Count 1:
## Violation of Constitutional Rights under 42 U.S.C. § 1983, *et seq*, as to Knox County Defendants and Sheriff Dennison.

37.    The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-36 as if set forth herein.

38.    The Knox County Defendants and Sheriff Dennison were responsible for the hiring, training, supervising, rule-making, and disciplining of all Knox County Deputy Sheriffs, including Jack and Moore.

39.    At all times material to this complaint the Knox County Defendants and Sheriff Dennison adopted, established, implemented, promoted and/or approved of policies, practices, customs, and procedures that were inadequate as a matter of constitutional law to ensure that individual officers, including, but not limited to Jack and Moore, adhere to standards of Constitutional law in their use of force, detention and arrest of individuals, and the search and seizure of persons, places, and things.

40.    At all times material to the complaint, the Knox County Defendants and Sheriff Dennison failed to comply with State and County standards, policies, procedures, customs, and practices mandated by law.

41.   The Knox County Defendants and Sheriff Dennison deprived and otherwise violated the constitutional rights of the Plaintiffs by failing to properly train Jack and Moore.

42.   Defendants deprived and otherwise violated the constitutional rights of the Plaintiffs by failing to correct or control unconstitutional practices by Jack and Moore, having previous knowledge of said practices.

43.   The conduct by the Knox County Defendants and Sheriff Dennison alleged above demonstrates a deliberate indifference to the rights of Donald and Sherrie that are protected by the United States Constitution.

44.   The unlawful actions of Knox County Defendants and Sheriff Dennison were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against the Knox County Defendants and Sheriff Dennison, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

**Count 2:**
**Violation of Federal Constitutional Rights under 42 U.S.C. § 1983 as to Defendants Jack and Moore-Illegal Search and Seizure.**

45.   The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-44 as if set forth herein.

46.   On July 2, 2014, Jack and Moore forced their way into the home of Donald and Sherrie Demmons without a warrant or other lawful authority.

8

47.    In doing so, Jack and Moore violated the right of Donald and Sherrie to be free from unreasonable searches and seizures pursuant to the 4th and 14th Amendments of the United States Constitution.

48.    The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

## Count 3:
## Violation of Federal Constitutional Rights under 42 U.S.C. § 1983, as to Defendants Jack and Moore - False Arrest and False Imprisonment

49.    The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-48 as if set forth herein.

50.    On July 2, 2014, Jack and Moore entered the home of Donald and Sherrie Demmons and arrested them both.

51.    Jack and Moore lacked lawful authority to arrest Donald and Sherrie.

52.    Jack and Moore lacked probable cause to arrest Donald or Sherrie.

53.    Jack and Moore did not have a warrant to arrest Donald or Sherrie.

54.    Said false arrest and false imprisonment violated the constitutional rights of Donald and Sherrie Demmons pursuant to the 4th and 14th amendments to the United States Constitution.

55.    The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.


**Count 4:**
**Violation of Federal Constitutional Rights under 42 U.S.C. § 1983, as to Defendants Jack and Moore – Excessive Force**

56.    The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-55 as if set forth herein.

57.    On July 2, 2014, Jack and Moore entered the home of Donald and Sherrie Demmons and arrested them both.

58.    In the course of arresting Donald and Sherrie, Jack and Moore deployed their Tasers on Donald and Sherrie, resulting in each of them being electrocuted.

59.    Jack also assaulted Sherrie by, among other things, stomping on her feet, kneeing her in the back, and electrocuting her with a Taser after she had submitted to arrest.

10

60.     Said use of force by Jack and Moore was unreasonable, excessive, unnecessary, and resulted in the wanton infliction of pain in violation of the rights of Donald and Sherrie protected by the 4th, 8th, and 14th Amendment to the Constitution of the United States.

61.     The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.


### Count 5:
### Violation of Federal Constitutional Rights under 42 U.S.C. § 1983, *et seq*, as to Defendant Moore-Failure to Supervise and Train

62.     The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-61 as if set forth herein.

63.     Defendant Moore had a legal duty to properly supervise and train Jack on July 2, 2014.

64.     Defendant Moore deprived and otherwise violated the constitutional rights of the Plaintiffs by failing to properly supervise Jack from committing unconstitutional acts against them.

65.     Defendant Moore deprived and otherwise violated the constitutional rights of the Plaintiffs by failing to properly train Jack.

66.     Defendant    Moore    deprived    and    otherwise    violated    the
constitutional   rights   of   the   Plaintiffs   by   failing   to   correct   or   control
unconstitutional practices by Jack, and Moore had previous knowledge of said
practices.

67.     Moore's actions and/or omissions were the direct and proximate
cause of physical, emotional, and psychological injuries suffered by Donald and
Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendant James
Moore, for an amount that is just and reasonable, together with interest, costs,
attorney fees, and any other relief that this Court deems just and proper.


### Count 6:
### Violation of Federal Constitutional Rights under 42 U.S.C. § 1983, as to Defendant Jack-Substantive Due Process Rights

68.     The Plaintiffs repeats and realleges each and every allegation made
in paragraphs 1-67 as if set forth herein.

69.     On November 17, 2014, a hearing was held on Donald's Motion to
Suppress that he filed in response to the criminal charges that were initiated
against him by Jack and Moore.

70.     During that hearing, Jack gave false testimony to the trial court.

71.     Said false testimony violated Donald's substantive and procedural
due process rights pursuant to the 14th Amendment.

72.     The unlawful action of Jack was the direct and proximate cause of
physical, emotional, and psychological injuries suffered by Donald and Sherrie.

12

WHEREFORE the Plaintiffs seek judgment against Defendant Nathaniel Jack for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

## Count 7:
## Violation of Federal Constitutional Rights under 42 U.S.C. § 1985 as to Defendants Jack and Moore-Conspiracy

73.    The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-72 as if set forth herein.

74.    Jack and Moore conspired, acted in concert, or agreed to act in ways that deprived Donald and Sherrie of their rights under the 4th, 8th, and 14th amendments to the United States Constitution.

75.    The actions and omissions of Jack and Moore resulted in the unlawful search and seizure of the Plaintiffs, the false arrest and imprisonment of the Plaintiffs, and the use of excessive force against the Plaintiffs.

76.    The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

## Count 8:
## Federal Claims-Punitive Damages

77.    The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-76 as if set forth herein.

78.    In committing the above alleged acts enumerated in counts 1-8, the Defendants acted with express or implied malice sufficient to justify an award of punitive damaged.

WHEREFORE, the Plaintiffs seek judgment against Defendants, jointly and severally, for punitive damages, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

## Count 9:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq*, as to Knox County Defendants and Sheriff Dennison.

79.    The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-78 as if set forth herein.

80.    The Knox County Defendants and Sheriff Dennison were responsible for the hiring, training, supervising, rule-making, and disciplining of all Knox County Deputy Sheriffs, including Jack and Moore.

81.    At all times material to this complaint the Knox County Defendants and Sheriff Dennison adopted, established, implemented, promoted and/or approved of policies, practices, customs, and procedures that were inadequate as a matter of constitutional law to ensure that individual officers, including, but not limited to Jack and Moore, adhere to standards of Constitutional law in

14

their use of force, detention and arrest of individuals, and the search and seizure of persons, places, and things.

82.    At all times material to the complaint, the Knox County Defendants and Sheriff Dennison failed to comply with State and County standards, policies, and procedures, customs and practices mandated by law.

83.    The Knox County Defendants and Sheriff Dennison deprived and otherwise violated the state constitutional rights of the Plaintiffs by failing to properly train Jack and Moore.

84.    Defendants deprived and otherwise violated the constitutional rights of the Plaintiffs by failing to correct or control unconstitutional practices by Jack and Moore, having previous knowledge of said practices.

85.    The conduct by the Knox County Defendants and Sheriff Dennison alleged above demonstrates a deliberate indifference to the rights of Donald and Sherrie that are protected by the Constitution of the State of Maine.

86.    The unlawful actions of Knox County Defendants and Sheriff Dennison were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against the Knox County Defendants and Sheriff Dennison, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

## Count 10:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq*, as to Defendants Jack and Moore-Illegal Search and Seizure.

87.     The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-86 as if set forth herein.

88.     On July 2, 2014, Jack and Moore forced their way into the home of Donald and Sherrie Demmons without a warrant or other lawful authority.

89.     In doing so, Jack and Moore violated the right of Donald and Sherrie to be free from unreasonable searches and seizures pursuant to the Article I, section 5 of the Constitution of the State of Maine.

90.     The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

## Count 11:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq*, as to Defendants Jack and Moore-False Arrest and False Imprisonment

91.     The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-90 as if set forth herein.

92.     On July 2, 2014, Jack and Moore entered the home of Donald and Sherrie Demmons and arrested them both.

16

93.     Jack and Moore lacked lawful authority to arrest Donald and Sherrie.

94.     Jack and Moore lacked probable cause to arrest Donald or Sherrie.

95.     Jack and Moore did not have a warrant to arrest Donald or Sherrie.

96.     Said false arrest and false imprisonment violated the constitutional rights of Donald and Sherrie Demmons pursuant to the Article I, section 5 of the Constitution of the State of Maine.

97.     The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.


### **Count 12:**
### **Violation of Federal Constitutional Rights under 5 M.R.S.A. § 4681 *et seq,*, as to Defendants Jack and Moore – Excessive Force**

98.     The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-97 as if set forth herein.

99.     On July 2, 2014, Jack and Moore entered the home of Donald and Sherrie Demmons and arrested them both.

100.   In the course of arresting Donald and Sherrie, Jack and Moore deployed their Tasers on Donald and Sherrie, resulting in each of them being electrocuted.

101.   Jack also assaulted Sherrie by, among other things, stomping on her feet, kneeing her in the back, and electrocuting her with a Taser after she had submitted to arrest.

102.   Said use of force by Jack and Moore was unreasonable, excessive, unnecessary, and resulted in the wanton infliction of pain in violation of the rights of Donald and Sherrie protected by the Article I, section 1, section 5, and section 9 of the Constitution of the State of Maine.

103.   The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.


### Count 13:
### Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq*, as to Defendant Jack-Substantive Due Process Rights

104.   The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-103 as if set forth herein.

18

105.   On November 17, 2014, a hearing was held on Donald's Motion to Suppress that he filed in response to the criminal charges that were initiated against him by Jack and Moore.

106.   During that hearing, Jack gave false testimony to the trial court.

107.   Said false testimony violated Donald's substantive and procedural due process rights pursuant Article I, section 1 and section 6-A of the Constitution of the State of Maine.

108.   The unlawful action of Jack was the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendant Nathaniel Jack for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.


**Count 14:**
**Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq*, as to Defendants Jack and Moore-Conspiracy**

109.   The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-108 as if set forth herein.

110.   Jack and Moore conspired, acted in concert, or agreed to act in ways that deprived Donald and Sherrie of their rights.

111.   The actions and omissions of Jack and Moore resulted in the unlawful search and seizure of the Plaintiffs, the false arrest and imprisonment of the Plaintiffs, and the use of excessive force against the Plaintiffs.

112.   Said use of excessive force violated the rights of the Plaintiffs pursuant to Article 1, section 1, 5, 6-A of the Constitution of the State of Maine.

113.   The unlawful actions of Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendants Nathaniel Jack and James Moore, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

**Count 15:**
**Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq*, as to Defendant Moore-Failure to Supervise and Train**

114.   The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-113 as if set forth herein.

115.   Defendant Moore had a legal duty to properly train and supervise Jack on July 2, 2014.

116.   Defendant Moore deprived and otherwise violated the constitutional rights of the Plaintiffs by failing to prevent Jack from committing unconstitutional acts against them.

117.   Defendant Moore deprived and otherwise violated the constitutional rights of the Plaintiffs by failing to properly train Jack.

118.   Defendant Moore deprived and otherwise violated the state constitutional Rights of the Plaintiffs by failing to correct or control unconstitutional practices by Jack, and Moore had previous knowledge of said practices.

119.   Moore's actions and/or omissions were the proximate and foreseeable cause of injuries suffered by the Plaintiffs.

120.   Moore's actions and/or omissions were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

WHEREFORE the Plaintiffs seek judgment against Defendant James Moore, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.


## Count 16:
## Maine Tort Claims Act-Negligence

121.   The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-120 as if set forth herein.

122.   Defendants Jack and Moore breached a duty of care owed to the Plaintiffs by negligently using excessive force against the Plaintiffs.

123.   The actions by Jack and Moore were the direct and proximate cause of physical, emotional, and psychological injuries suffered by Donald and Sherrie.

124.   Plaintiff's claim for damages for their injuries are available under the Maine Tort Claims Act, 14 M.R.S.A. § 8101, *et seq.*

WHEREFORE the Plaintiffs seek judgment against all Defendants, jointly and severally, for an amount that is just and reasonable, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.

## Count 17:
## Punitive Damages-State Law Claims

125.   The Plaintiffs repeats and realleges each and every allegation made in paragraphs 1-124 as if set forth herein.

126.   In committing the above alleged acts, the Defendants acted with express or implied malice sufficient to justify an award of punitive damaged.

WHEREFORE, the Plaintiffs seek judgment against Defendants, jointly and severally, for punitive damages, together with interest, costs, attorney fees, and any other relief that this Court deems just and proper.


/s/  Scott F. Hess
_____
Dated:      July 1, 2016             Scott F. Hess, Esq., (Bar #4508)
                                     The Law Office of Scott F. Hess, Esq.
                                     Attorney for Plaintiffs
                                     72 Winthrop Street
                                     Augusta, ME 04330
                                     T|(207)430-8079
                                     F|(887)782-2506
                                     scott@hesslawme.com