UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

DONALD DEMMONS and SHERRIE
DEMMONS,

        Plaintiffs,

    vs.

KNOX COUNTY, et al.,

        Defendants

Civil No. 16-00360-JAW

## ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (DEFENDANT NATHANIEL JACK)

Defendant Nathaniel Jack, by and through counsel, hereby responds to the Plaintiffs' Complaint as follows:

### Introduction

1.    The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

### Jurisdiction and Venue

2.    The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

3.      The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

### Parties

4.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first sentence of this paragraph of Plaintiffs' Complaint and, accordingly, denies same. The Defendant admits the allegations contained in the second sentence of this paragraph of the Plaintiffs' Complaint.

5.      The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

6.      The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

7.      The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

8.      The allegations contained in this paragraph of the Plaintiffs' Complaint do not constitute assertions of fact which a response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth

of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

9.      The Defendant admits the allegations contained in the first sentence of this paragraph of the Plaintiffs' Complaint. The remaining allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

10.      The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

11.      The Defendant admits that at the times mentioned in the Complaint he was a Deputy Sheriff for Knox County. The remaining allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

12.      The Defendant admits that at the times mentioned in the Complaint he James Moore was a Sergeant for Knox County Sheriff's Department. The remaining allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without

sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## Statement of Facts

13.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

14.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

15.     The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

16.     The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

17.     The Defendant admits that he and Sergeant Moore went to 51 North Pond Road in Warren on July 2, 2014. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

18.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

19.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

20.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

21.     The Defendant admits the allegations contained in the first sentence of this paragraph of the Plaintiffs' Complaint. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiffs' Complaint.

22.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

23.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

24.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

25.     The Defendant denies the allegations contained in the first clause of this paragraph of the Plaintiffs' Complaint. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

26.     The Defendant denies the allegations contained in the first clause of this paragraph of the Plaintiffs' Complaint. The Defendant admits the remaining allegations contained in this paragraph of the Plaintiffs' Complaint.

27.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

28.     The Defendant admits that Ms. Demmons yelled at the officers. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

29.     The Defendant admits the allegations contained in the first sentence of this paragraph of the Plaintiffs' Complaint. The Defendant denies the allegations contained in the second sentence of this paragraph of the Plaintiffs' Complaint.

30.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

31.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

32.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

33.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

34.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

35.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

36.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 1:
## Violation of Constitutional Rights under 42 U.S.C. § 1983, *et seq*, as to Knox County Defendants and Sheriff Dennison

37.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

38.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

39.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

40.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

41.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

42.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

43.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

44.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

## COUNT 2:
### Violation of Federal Constitutional Rights under 42 U.S.C. § 1983 as to Defendants Jack and Moore – Illegal Search and Seizure

45.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

46.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

47.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

48.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 3:
### Violation of Federal Constitutional Rights under 42 U.S.C. § 1983 as to Defendants Jack and Moore – False Arrest and False Imprisonment

49.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

50.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

51.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

52.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

53.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

54.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

55.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

**COUNT 4:**
**Violation of Federal Constitutional Rights under 42 U.S.C. § 1983**
**as to Defendants Jack and Moore – Excessive Force**

56.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

57.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

58.     The Defendant admits deploying his tazer on the Plaintiffs. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiffs' Complaint.

59.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

60.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

61.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 5:
## Violation of Federal Constitutional Rights under 42 U.S.C. § 1983, *et seq.* as to Defendant Moore – Failure to Supervise and Train

62.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

63.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

64.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

65.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

66.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

67.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

## COUNT 6:
## Violation of Federal Constitutional Rights under 42 U.S.C. § 1983, as to Defendant Jack – Substantive Due Process Rights

68.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

69.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

70.     The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

71.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

72.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 7:
## Violation of Federal Constitutional Rights under 42 U.S.C. § 1985 as to Defendants Jack and Moore – Conspiracy

73.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

74.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

75.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

76.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 8:
## Federal Claims – Punitive Damages

77.    The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

78.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 9:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq,* as to Knox County Defendants and Sheriff Dennison

79.    The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

80.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

81.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

82.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

83.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

84.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

85.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

86.     The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

## COUNT 10:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq,* as to Defendants Jack and Moore – Illegal Search and Seizure

87.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

88.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

89.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

90.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 11:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq,* as to Defendants Jack and Moore – False Arrest and False Imprisonment

91.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

92.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

93.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

94.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

95.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

96.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

97.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## **COUNT 12:**
## **Violation of Federal (sic) Constitutional Rights under 5 M.R.S.A. 4681 *et seq.* as to Defendants Jack and Moore – Excessive Force**

98.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

99.     The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

100.    The Defendant admits deploying his tazer on the Plaintiffs. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiffs' Complaint.

101.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

102.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

103.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 13:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq.* as to Defendant Jack – Substantive Due Process Rights

104.    The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

105.    The Defendant admits the allegations contained in this paragraph of the Plaintiffs' Complaint.

106.    The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

107.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

108.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## COUNT 14:
## Violation of State Constitutional Rights under 5 M.R.S.A. 4681 *et seq.* as to Defendants Jack and Moore – Conspiracy

109.    The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

110.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

111.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

112.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

113.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

### **COUNT 15:**
### **Violation of State Constitutional Rights under 42 U.S.C. § 1983, et seq, as to Defendant Moore – Failure to Supervise and Train**

114.    The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

115.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

116.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

117.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

118.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

119.    The allegations contained in this paragraph of the Plaintiffs' Complaint do not pertain to this Defendant; to the extent a response is required, the allegations are denied.

120.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

<u>**COUNT 16:**</u>
<u>**Maine Tort Claims Act – Negligence**</u>

121.    The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

122.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

123.    The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

124.    The allegations contained in this paragraph of the Plaintiffs' Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, accordingly, denies same.

## COUNT 17:
## Punitive Damages – State Law Claims

125.     The Defendant repeats his responses to the preceding paragraphs of Plaintiffs' Complaint.

126.     The Defendant denies the allegations contained in this paragraph of the Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.       The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiffs.

2.       The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiffs.

3.       No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiffs.

4.       To the extent that the Plaintiffs endeavor to make a state claim grounded in tort, the claim is barred by Plaintiffs' failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5.       To the extent that the Plaintiffs endeavor to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C), (D) and (E).

6.       The Plaintiffs' recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7.      To the extent that the Plaintiffs' Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8.      The Plaintiffs' own conduct was the sole or a contributing cause of their injuries.

9.      The Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10.     The Plaintiffs' claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents.

11.     The Plaintiffs' claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

12.     The Plaintiffs' claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

13.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of immunity.

14.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of qualified immunity.

15.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of absolute immunity.

16.     To the extent that the Plaintiffs seek injunctive or declaratory relief, the Plaintiffs have no standing.

17.     The Plaintiffs have adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

18.     The Defendant reserves the right to demonstrate that the Plaintiffs have failed to mitigate damages.

19.     To the extent the Plaintiffs' alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

20.     The Defendant reserves the right to demonstrate that Plaintiff's damages, if any, are the result of intervening or superseding events which bars or reduces this claim.

21.     The Plaintiffs' claims are barred, in whole or in part, by consent.

22.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of privilege.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Nathaniel Jack demands judgment in his favor with regard to all claims of the Plaintiffs' Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 3rd day of October, 2016.

> Attorneys for Defendant Nathaniel Jack
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906

BY:   /s/ John J. Wall, III
         John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2016, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendant Nathaniel Jack)** using the CM/ECF system, which will provide notice to me and the following other counsel of record: scott@hesslawme.com; peter@wheelerlegal.com; cshaffer@wheelerlegal.com; estouder@rwlb.com.

Dated at Portland, Maine this 3rd day of October, 2016.

> Attorneys for Defendant Nathaniel Jack
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906

BY:   /s/ John J. Wall, III
         John J. Wall, III